J-A03002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: NANCY WHITE VENCIL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: NANCY W. VENCIL | |
| Appellant | No. 472 MDA 2014 |

Appeal from the Order entered February 24, 2014
In the Court of Common Pleas of Cumberland County
Civil Division at No: 12-665

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 19, 2017**

On direct appeal to this Court, we reversed the trial court's order denying the petition of Nancy White Vencil ("Vencil") seeking expunction of the records of her involuntary commitment under § 7302 of the Mental Health Procedures Act of 1973.[1]  ***In re Vencil***, 120 A.3d 1028 (Pa. Super. 2015).  The Pennsylvania State Police ("PSP") petitioned our Supreme Court for allowance of appeal.  The Court granted discretionary review, vacated our ruling, and remanded to this Court for proceedings consistent with its opinion.  ***In re Vencil***, 152 A.3d 235 (Pa. 2017).

---

[*] Former Justice specially assigned to the Superior Court.

[1] 50 P.S. §§ 7101-7503.  Commitments under § 7302 are referred to as "302 commitments."

Briefly, on February 3, 2012, Vencil filed a petition under § 6111.1(g)(2) of the Pennsylvania Uniform Firearms Act of 1995 ("UFA")[2] seeking to expunge the records of her April 2003 involuntary commitment. After respondents, the PSP and Holy Spirit Hospital of the Sisters of Christian Charity ("Holy Spirit"), filed their answers to the petition, the trial court conducted a *de novo* hearing during which Vencil and her husband presented testimony along with documentation from two medical doctors who were treating Vencil for environmental sensitivities prior to her commitment and a report from a psychiatrist whose review led him to conclude the commitment was improper. Holy Spirit introduced into evidence its records, including the evaluation and findings of David Petcash, M.D., the psychiatrist who determined that Vencil should be involuntarily committed. The PSP presented the testimony of David Diehl, a trained crisis worker at Holy Spirit, who initially met with Vencil on the evening of April 1, 2003, and requested

---

[2] 18 Pa.C.S.A. §§ 6101-6187. Section 6111.1(g)(2) provides, in relevant part:

> A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged.

the emergency psychiatric examination that Dr. Petcash subsequently conducted.

The trial court denied Vencil's petition and made several findings, including a conclusion that there was "clear and convincing evidence to support [Vencil's] 302 commitment." Trial Court Opinion, 7/18/14, at 6-7. The court noted that it was unsure the law required "clear and convincing evidence," but explained that it applied that standard based on an agreement of the parties. *Id.* at 7, n. 41.

On appeal to this Court, we reversed, holding that while the trial court properly conducted a *de novo* hearing and utilized a "clear and convincing" evidentiary hearing, the court erred in concluding that the evidence presented at the hearing clearly and convincingly supported Vencil's 302 commitment. *In re Vencil*, 120 A.3d at 1041.

Our Supreme Court granted the PSP's petition for allowance of appeal to consider two issues: whether we erred in holding that the trial court correctly employed a "clear and convincing" standard and whether we erred in finding that Vencil was entitled to *de novo* review by the trial court. *See In re Vencil*, 152 A.3d at 241.

The Supreme Court considered the two issues together, employing a *de novo* standard of review and a plenary scope of review. The Court concluded that the trial court should have used a "preponderance of the evidence" standard of review and should have limited its review to "the

sufficiency of the evidence **upon which the commitment was based**."

*Id.* at 242 (quoting 18 Pa.C.S.A. § 6111.1(g)(2)) (emphasis in original).

The Court explained:

> "[T]he evidence upon which the commitment was based" is the information contained in the physician's record of the examination of the individual and the resultant findings. *See* 50 P.S. § 7302(b) (requiring the physician to make a record of the examination and his or her findings). Therefore, the plain language of section 6111.1(g)(2) directs a trial court to review the physician's findings, made at the time of the commitment, to determine whether the evidence known by the physician at the time, as contained in the contemporaneously-created record, supports the conclusion that the individual required commitment under one (or more) of the specific, statutorily-defined circumstances. *See* 50 P.S. § 7301.

*Id.* (footnote omitted).

> The Court announced:
>
> [U]nder section 6111.1(g)(2), a challenge to the sufficiency of the evidence to support a 302 commitment presents a pure question of law, and the court's sole concern is whether, based on the findings recorded by the physician and the information he or she relied upon in arriving at those findings, the precise, legislatively-defined prerequisites for a 302 commitment have been satisfied and are supported by a preponderance of the evidence. We emphasize that the trial court's review is limited to the findings recorded by the physician and the information he or she relied upon in arriving at those findings, and requires deference to the physician, as the original factfinder, as the physician examined and evaluated the individual in the first instance, was able to observe his or her demeanor, and has particularized training, knowledge and experience regarding whether a 302 commitment is medically necessary.

*Id.* at 246. However, because Dr. Petcash's decision to commit Vencil involuntarily under the newly-announced standard for a § 6111.1(g)(2) review was beyond the scope of its grant of allocatur, the Supreme Court

vacated our decision and remanded to us for proceedings consistent with its opinion. We, in turn, remand to the trial court for its review—limited to the findings recorded by the physician and the information he relied upon in arriving at his findings, and according deference to him as the original factfinder—and its determination as to whether Vencil's 302 commitment was supported as medically necessary by a preponderance of the evidence. In the event the trial court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the PSP be expunged in accordance with § 6111.1(g)(2).

Case remanded for proceedings consistent with this Memorandum and the Supreme Court's Opinion. Jurisdiction relinquished.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

- 5 -